## Jones' Estate

*Herbert L. Winkler,* for petitioner.

HOURIGAN, P. J., May 21, 1941.—Reuben Jones died testate in this county on July 21, 1877. His will was probated and the late Abram Nesbitt qualified and acted as executor. Final accounting was made. Distribution was made to, inter alia, the following persons: Ira Sackett, Luther Sackett, Calvin Sackett, Jason Sackett, Philetus Sackett, Lorinda Sackett, and Lois Sackett.

Thereafter on February 9, 1903, the executor presented a petition setting forth: "That petitioner has the money on hand to pay these parties the amounts awarded to each respectively in the report of audit filed January 14, 1901, and recorded in Distribution Docket no. 14, p. 89, and in the report of audit filed January 4, 1902, and recorded in Distribution Docket no. 14, p. 383, but these parties have long since been lost track of by your petitioner, and do not come to get their money and petitioner knows of no way to compel them. The residence of these parties is to your petitioner unknown. . . . He therefore prays the court to permit him to pay this money into court. . . ."

The court made the following decree: "Now, February 9, A. D. 1903, the prayer of the petitioner is granted the deposit to be made in the Second National Bank as directed by general rule of court."

The clerk of the orphans' court (prior to 1941) failed to comply with section 1305(c) of The Fiscal Code of April

9, 1929, P. L. 343, and, therefore no proceedings were ever had to cause this fund to be paid into the State Treasury. That section has now been complied with and proceedings are being taken to have this and other similar funds paid to the Commonwealth as provided for in The Fiscal Code of 1929 and its amendments.

Recently a member of the bar presented an ex parte petition to the court, averring that Emma B. Smith, of Munith, Mich., was an heir-at-law of Calvin Sackett, one of the legatees of Rueben Jones, and was entitled to a distributive share of the moneys paid into court by virtue of the decree of February 9, 1903, and praying the court for an order directing the Second National Bank of Wilkes-Barre to pay over to him, as attorney for Emma B. Smith, her alleged share in the fund.

Petitioner based his right to petition the court on a printed form, "Authorization to Attorney-at-Law", attached to the petition in the following form:

"Authorization to Attorney-at-Law.

"Attorney-at-Law.

"You are hereby authorized to enter my appearance in the Estate of Reuben Jones and/or in the estates of any subsequent heir or heirs, to represent me in the settlement of said estate; to receive and receipt for all assets, both real and personal, and to consent to the final account.

"You are further authorized and directed to turn over my distributive share to me in care of National Locating Co., 111 S. 34th St., Philadelphia, Pa.

"/s/ EMMA B. SMITH,<br>"Munith, Mich."

Passing the question of the right of the lawyer to present the petition under the powers granted in the foregoing "Authorization", we think it advisable at this time to lay down a procedure to be followed in claims where the fund has not been paid into the State Treasury. Because of methods now being used to locate "missing heirs" and because of the fact that there are now and in the

future, due to inability to contact heirs and legatees abroad, may be large sums of money paid into court under circumstances similar to those existing in the matter now before us, we deem it advisable that the procedure to be followed by claimants shall be:

1. The claimant, or real party in interest, shall present a petition setting forth full and detailed facts upon which petitioner bases his right to the fund, verified by affidavit.

2. If the court is satisfied that the facts set forth in the petition, if true, would entitle the claimant to the fund, a date for hearing on the petition shall be fixed at least 10 days thereafter, at which hearing claimant shall present proof in support of his averments. The court in its order fixing the time for hearing shall designate the persons to whom notice of the hearing shall be given and the manner of giving such notice.

3. At the hearing petitioner must present proof of service on the interested parties as directed in the court order and present his proof.

4. After hearing the court shall enter such decree as the facts justify.

The prayer of petitioner is denied without prejudice to renew the application by complying with the procedure herein suggested.